# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

**PERRY GENE VANDERFORD,**
     **Plaintiff,**

**vs.**                        **Case No. 3:10cv491/LC/CJK**

**WALTER A. MCNEIL, et al.,**
     **Defendants.**

_____

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint (doc. 19) under 42 U.S.C. § 1983, and a motion for temporary restraining order ("TRO") (doc. 4). Upon review of the complaint, the Magistrate Judge concludes this case should be dismissed as malicious for plaintiff's abuse of the judicial process. Whatever action is taken with the complaint, the Magistrate Judge determines that the TRO motion should be denied on its merits.

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Plaintiff filed an amended complaint on February 14, 2011,

complaining about the conditions of his confinement while housed at Santa Rosa Correctional Institution.  (Doc. 19)  Specifically, plaintiff claims defendants denied him timely laundry service, and that he contracted staph infections as a result of unhygienic clothes and bedding.  (Doc. 19, 5-6)

On page four of the civil rights complaint form, Section IV(D), Previous Lawsuits, is the following question:  "Have you initiated other actions *(besides those listed above in Questions (A) and (B))*[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "No."  (Doc. 19, 4)  The complaint form then asks a series of questions and directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff did not answer these questions regarding his prior litigation history.  (Doc. 19, 4)

On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question:  "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff marked "Yes."  (Doc. 19, 4)  The complaint form then directs the prisoner to describe

---

[1] Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action.  Plaintiff answered "No" to Question (A) and "Yes" to Question (B), disclosing a federal court action he filed in 2008.  (Doc. 19, 3)

each action, attaching additional pages if necessary.  Here, plaintiff disclosed that a case filed in the United States District Court for the Southern District of Florida, *Vanderford v. McNeil*, Case No. 2:08cv14207, had been dismissed in 2008 for failure to state a claim upon which relief can be granted.  (Doc. 19, 4)  At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."  (Doc. 19, 7)  Thus, plaintiff has in effect stated that he has initiated no other lawsuits in federal court relating to the conditions of his confinement, and, save for the foregoing case, has never had any action in federal court dismissed prior to service.

As a matter of course, this court attempts to make an independent investigation into whether litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  Further, the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  *See* 28 U.S.C. § 1915(g).[2] The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal, can be considerable.  As the Eleventh Circuit explained, "[T]he task of counting strikes involves more than sophomoric arithmetic. Courts must search records of the prisoner's prior federal cases to determine whether

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."

judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The clerk has advised, and this court may take judicial notice, that at the time plaintiff initiated this lawsuit he had initiated at least one other civil action in federal court relating to the conditions of his confinement.  While incarcerated, plaintiff filed *Vanderford v. McNeil, et al.*, Case No. 3:10cv469, in this district.  The case was filed on November 12, 2010, and dismissed prior to service on January 3, 2011, for "failure to state a claim due to plaintiff's failure to exhaust his administrative remedies prior to filing suit."   Plaintiff did not disclose this case, which complains of prison conditions, in the instant complaint.  Plaintiff was also untruthful about whether he has had any federal actions dismissed prior to service.  The foregoing case may be positively identified as having been filed by plaintiff because it bears his Florida Department of Corrections inmate number, DC#094673.

The undersigned observes that plaintiff, on page five of the amended complaint form, under the "Statement of Facts" heading, does direct the court's attention to *Vanderford v. McNeil, et al.*, Case No. 3:10cv469. (Doc. 19, 5)  Plaintiff, however, does not mention that the case was dismissed prior to service, and, in direct contradiction to the dismissal order, states that he had exhausted his administrative remedies in connection with that case. (Doc. 19, 5)  I am neither willing nor able to infer from this disclosure, made in response to a completely different inquiry, that the case related to the fact or manner of plaintiff's incarceration.  This sort of camouflage

simply hinders an efficient and accurate investigation into whether the litigant has truthfully completed the civil rights complaint form.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all prior actions was required.   The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 19, 3)  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  This court must not allow plaintiff's false responses to go unpunished.   The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  Plaintiff is warned that such false responses, filed herein or in the future, will not be ignored and may result in more severe and long-term sanctions.  *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (holding *pro se*, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Assuming arguendo plaintiff had disclosed his prior litigation history as directed, I address the pending motion for TRO on its merits.  The decision to grant

or deny a motion for TRO rests within the discretion of the district court. *See Redford v. Gwinnett Cnty. Jud. Cir.*, 350 F. App'x 341, 346 (11th Cir. 2009). "To be entitled to a TRO, a movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995). "The first of the four prerequisites to temporary injunctive relief is generally the most important." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005). Significantly, a TRO or "preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant 'clearly carries the burden of persuasion' as to the four prerequisites." *See United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (quoting *Canal Auth. v. Callaway*, 489 F.2d 567 (5th Cir. 1974)). "'The burden of persuasion in all of the four requirements is at all times upon the plaintiff.'" *Id.* (quoting *Callaway*, 489 F.2d at 573).

"The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo*, 403 F.3d 1231. "Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Moreover, the persons from whom injunctive relief is sought must be parties to the underlying action. *See Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (affirming denial of motion for preliminary injunctive relief against non-parties for lack of subject matter jurisdiction).

Even the most searching review of the present motion for TRO discloses little in the way of plaintiff's particular concerns; the single most cogent articulation of possible injury asserts merely, "Abusing and neglecting – depriving Plaintiff his needs of safety and health requirements of Close Management – Maximum Security Segregation Confinement conditions for Plaintiffs [sic] Rights with Mental illnesses." (Doc. 4, 2)  Legally speaking, plaintiff vaguely alleges cruel and unusual punishment violations as the basis for infringements to his rights under the Eighth and Fourteenth Amendments to the United States Constitution.   (Doc. 4, 2) Plaintiff requests temporary injunctive relief, but does not specify the ills against which he seeks the injunctive remedy.  (Doc. 4, 3)  From the attached inmate grievance, however, I am able to glean that plaintiff accuses unnamed laundry and security supervisors of denying him clean clothes for a period of no fewer than 25 days.  (Doc. 4, 7)  As a result, plaintiff suggests, he cannot "maintain proper health" and has suffered as yet unidentified "emotional injuries."  (Doc. 4, 7)

The Eighth Amendment to the United States Constitution states, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  "The 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement."  *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004).   Though the Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency[,]" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976), "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).   "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'"  *Chandler*, 379 F.3d at 1289 (quoting *Rhodes*, 452 U.S. at 347).   "Generally speaking, prison conditions rise to the level of an Eighth

Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'" *Id.* (quoting *Rhodes*, 452 U.S. at 347).

Having examined the relevant Eighth Amendment precedent of this circuit, I question seriously whether plaintiff alleges any prison condition or practice involving "the wanton and unnecessary infliction of pain," *see Rhodes*, 452 U.S. at 347, and therefore whether his claim stands any "substantial likelihood of ultimate success on the merits" *see Ingram*, 50 F.3d at 900.  Assuming plaintiff's complaints can reach the high standard developed by "cruel and unusual punishment" case law, plaintiff fails to enunciate what harm has befallen him or is likely to be visited on him in the future.  Also, plaintiff cannot establish with the clarity necessary to warrant a temporary restraining order that such injunctive relief "is necessary to prevent irreparable injury[.]" *See id.* (identifying the four elements a plaintiff must establish to garner a TRO).  In other words, plaintiff has failed by his motion for TRO to implicate the very purpose of preliminary injunctive relief, which is "to protect against irreparable injury."  *See Schiavo*, 403 F.3d at 1231.  Nor am I satisfied that plaintiff has clearly demonstrated "the threatened injury outweighs the harm the TRO would inflict on the non-movant" or that "the TRO would serve the public interest." *See Ingram*, 50 F.3d at 900.  Because plaintiff fails to satisfy no fewer than three of the four prerequisites to temporary injunctive relief, the motion for TRO, if not moot on dismissal of the amended complaint, is properly denied on its merits.

Accordingly, it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) for plaintiff's abuse of the judicial process.

2.  That all pending motions be DENIED as moot.

3.  That the motion for temporary restraining order (doc. 4) be DENIED.

4.   That the clerk be directed to close the file.

At Pensacola, Florida this 31st day of August, 2011.


/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE



## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).